IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| ) | Criminal No. 2:24-cr-464-SB |
| v. ) | |
| ) | |
| Antoine Donell Alston, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court upon Defendant Antoine Donell Alston's ("Alston" or "the Defendant") motion to suppress all evidence obtained as a result of a search and seizure conducted on November 9, 2023, at the Rawan Market in Charleston, South Carolina. (ECF No. 36.) The government filed a response in opposition to Defendant's motion on October 28, 2025, and the Court held a hearing on the matter on November 5, 2025, at which hearing the Court heard the testimony of Sergeant Taylor Graves and received into evidence the government's and Defendant's exhibits. (*See* ECF No. 75; Govt. Ex. 1-43; Def. Ex. 1.)

Having carefully reviewed the evidence of record and the applicable law, and having considered the parties' arguments, the Court, for the reasons set forth on the record during the hearing and for the reasons set forth herein, denies Defendant's motion to suppress. First, the Court notes that several of Defendant's arguments overlook the fact that officers had a valid warrant to search the Rawan Market on November 9, 2023, and the Court ultimately finds that officers were legally justified to search and seize the black shoulder bag found in the market's walk-in cooler, which officers had seen Defendant wearing into the market prior to the execution of the search warrant, as well as the Burger King bag

found on the counter in the market, which officers had seen Defendant bring into the market prior to the execution of the search warrant.

As for Defendant's detention during the search, the Court notes that the warrant itself permitted the search of persons and vehicles on the premises, but even aside from that, the Court finds that the officers were legally justified and acted reasonably in detaining Defendant during the search. *See Owens ex rel. Owens v. Lott*, 372 F. 3d 267, 278 (4th Cir. 2004). Furthermore, based on the evidence and testimony presented, the Court finds that, even aside from the search warrant, officers had probable cause to search Defendant under the circumstances, where they had witnessed his suspicious behavior that day and had seen him carry both the Burger King bag and the black shoulder bag into the market.

With respect to the search of Defendant's vehicle and the seizure of evidence from the vehicle, the Court finds that, even if the warrant did not cover the search of the vehicle, which was not parked in the market's parking lot but on the street near the market, the evidence shows that officers had watched Defendant go to and from the vehicle in a suspicious manner on the day in question, first carrying the Burger King bag into the store and leaving it there, then carrying another bag back to the vehicle and leaving it there, and then carrying the black shoulder bag into the store; the evidence also plainly shows that officers could see *in plain view* a digital scale, drug residue, and cash when they approached the vehicle. In all, the Court finds that officers had probable cause to search the vehicle under the circumstances. *See*, *e.g.*, *United States v. Jackson*, 131 F.3d 1105 (4th Cir. 1997); *United States v. Wardrick*, 350 F.3d 446 (4th Cir. 2003); *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996).

As for any statements made by Defendant on November 9, as an initial matter, the

Court notes that the government indicated at the hearing that it does not intend to use any statements made by Defendant prior to being *Mirandized*. Further, it appears from the video evidence that Defendant was properly *Mirandized* upon his arrest, and he appears to have understood his rights. Therefore, the Court finds no reason at this time to suppress any statements made by Defendant on November 9 after he was properly *Mirandized*.

Based on the foregoing, and for the reasons set forth on the record during the hearing, the Court denies Defendant's motion to suppress (ECF No. 36). **IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 5, 2025
Charleston, South Carolina